IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| NICHOLAS OLIVIER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-05-331-S-BLW |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| OLIVIA CRAVEN ROBIN SANDY, | ) | |
| DEL RAY HOLM, MIKE | ) | |
| MATTHEWS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On August 19, 2005, the Clerk of Court conditionally filed Plaintiff's Complaint,

subject to review by the Court to determine whether the Complaint is subject to summary

dismissal under 28 U.S.C. §§ 1915 and 1915A.  Having reviewed the record, and

otherwise being fully informed, the Court enters the following Order.

## REVIEW OF COMPLAINT

**A.      Standard of Law**

The Court is required to review complaints seeking relief against a governmental

entity or an officer or employee of a governmental entity to determine whether summary

dismissal is appropriate.  §§ 1915 and 1915A.  The Court must dismiss a complaint or any

portion thereof which states a claim that is frivolous or malicious, that fails to state a

claim upon which relief may be granted, or that seeks monetary relief from a defendant

**ORDER  1**

who is immune from such relief.  §§ 1915(e) and 1915A.

Plaintiff bring his claims under 42 U.S.C. § 1983, the civil rights statute.  To state

a claim under § 1983, a plaintiff must allege a violation of rights protected by the

Constitution or created by federal statute proximately caused by conduct of a person

acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

In *Wilkinson v. Dotson*, 125 S.Ct. 1242 (2005), the Court determined that an

inmate may initiate a § 1983 action to seek invalidation of "state procedures used to deny

parole eligibility . . . and parole suitability," but he may not seek "an injunction ordering

his immediate or  speedier release into the community."  125 S.Ct. at  1248.  At most, an

inmate can seek as a remedy "consideration of a new parole application" or "a new parole

hearing," which may or may not result in an actual grant of parole.  *Id*.

**B.     Discussion**

In November 1999, Plaintiff was sentenced to fifteen years in prison, with three

years fixed.   In 2002, Defendants denied Plaintiff parole and passed him to his full-term

release date.

Plaintiff next completed a self-initiated progress report.  On July 18, 2005,

Plaintiff's request for parole was denied. One of th reasons for the parole denial was that

Plaintiff had failed to completed a sex offender treatment program.  Plaintiff asserts that

at the time he was sentenced, there was no requirement to attend such a program.  He

alleges that the requirement is an ex post facto law in violation of the Constitution.

Plaintiff states a cognizable civil rights claim.  The issue in *Wilkinson v. Dotson*

**ORDER  2**

was whether retroactive application of parole guidelines violated the Constitution's ex

post facto clause.  125 S.Ct. at 1245.  The Court will order the Clerk of Court to effect

service of the Complaint on Defendants.

Plaintiff has also requested in forma pauperis status, which, in federal court, is a

deferral of payment rather than a waiver.  *See* 28 U.S.C. § 1915(b)(1).  Good cause

appearing from Plaintiff's documentation, the request shall be granted.  A separate order

for payment of the $250.00 filing fee in increments shall accompany this Order.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to

Proceed in Forma Pauperis (Docket No. 1) is GRANTED.  Plaintiff is obligated to pay

the statutory filing fee of $250.00 for this action.  Plaintiff will not be assessed an initial

partial filing fee at this time.

IT IS FURTHER HEREBY ORDERED that the named Defendants shall be

allowed to waive service of summons by executing, or having their counsel execute, the

Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the

Court within thirty (30) days. If Defendants choose to return the Waiver of Service of

Summons, the answer or pre-answer motion shall be due in accordance with Rule

12(a)(1)(b).  Accordingly, the Clerk of Court shall forward a copy of the Complaint

(Docket No. 3), a copy of this Order, and a Waiver of Service of Summons to the

following counsel:

**Timothy McNeese, Attorney General for the State of Idaho, Idaho**

**ORDER  3**

**Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706, on behalf of all Defendants**.

Should any entity determine that the individuals for whom it was served are not, in fact, its employees or former employees, or that its attorney will not be appearing for particular former employees, it should notify the Court's Pro Se Unit immediately in writing (Pro Se Unit, U.S. District Court, 550 West Fort Street MSC 042, Boise, ID 83724) or via the CM/ECF system, with a copy to Plaintiff.

IT IS FURTHER HEREBY ORDERED that each party shall ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5.  Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made. The Court will not consider *ex parte* requests unless a motion may be heard *ex parte* according to the rules and the motion is clearly identified as requesting an *ex parte* order, pursuant to Local Rules of Civil Practice before the United States District Court for the District of Idaho 7.2.  ("*Ex parte*" means that a party has  provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

IT IS FURTHER HEREBY ORDERED that all Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form

**ORDER  4**

of a pleading or motion, with an appropriate caption designating the name of the pleading

or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil

Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States

District Court for the District of Idaho 5.1 and 7.1.  The Court will not consider requests

made in the form of letters.

      IT IS FURTHER HEREBY ORDERED that Plaintiff shall notify the Court

immediately if his address changes.  Failure to do so may be cause for dismissal of this

case without further notice.

DATED:  **October 14, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER  5**