IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICHOLAS OLIVIER, ) | |
| ) | |
| Plaintiff, ) | Case No. CV-05-331-S-BLW |
| ) | |
| v. ) | **MEMORANDUM ORDER** |
| ) | |
| OLIVIA CRAVEN, ROBIN SANDY, ) | |
| DEL RAY HOLM, MIKE ) | |
| MATTHEWS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court in this civil rights case is Defendants' Motion for Summary Judgment (Docket No. 15). The Motion is now fully briefed, and the Court finds that oral argument is unnecessary. Accordingly, having reviewed the record and the arguments of the parties, the Court enters the following Order.

## BACKGROUND

On March 20, 2000, Plaintiff pled guilty to and was convicted of the crime of sexual abuse of a child in the Sixth Judicial District Court, in Bannock County, Idaho. Plaintiff was sentenced to fifteen years in prison, with five years fixed. The sentencing court retained jurisdiction over Plaintiff for 180 days, but relinquished jurisdiction on October 16, 2000, reducing the fixed portion of his sentence to three years. *See Affidavit of Mark Kubinski*, Exhibits A & B (Docket No. 15-5).

MEMORANDUM ORDER 1

On September 24, 2002, Plaintiff had his first parole hearing before the Idaho Commission of Pardons and Parole ("Commission"). Parole was denied, and his next hearing was set for September 2007. The Commission recommended that Plaintiff participate in "any programs he can take to better himself." *See id.*, Exhibit C (Docket No. 15-6).

Plaintiff next submitted a Self-Initiated Progress Report ("SIPR"). On June 25, 2003, the Commission denied the SIPR. Plaintiff submitted a second SIPR in 2004, which was granted on September 22, 2004, allowing Plaintiff to have a parole hearing in July 2005. *See id.*, Exhibits D & E.

After a hearing held on July 18, 2005, Plaintiff's request for parole was denied. The Commission stated that the reasons for denial were that Plaintiff had failed to completed a sex offender treatment program, had demonstrated poor institutional behavior, and lacked an adequate parole plan. The Commission also considered Plaintiff a high-risk offender. *See id.*, Exhibits E & F.

At the time Plaintiff committed his crime, there was no sentencing or parole requirement that Plaintiff complete a sex offender treatment program prior to being eligible for parole. The sentencing court did not recommend a sex offender treatment program for Plaintiff as part of sentencing. At some point in time after Plaintiff's judgment, the Commission began requiring inmates convicted of sex offenses to complete a sex offender treatment program before it will consider the parole of any such inmate.

MEMORANDUM ORDER 2

## MOTION FOR SUMMARY JUDGMENT

### A.  Summary Judgment Standard of Law

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). Material facts are those which may affect the outcome of the case. *See id*. at 248.

The evidence must be viewed in the light most favorable to the non-moving party, *id.* at 255, and the Court must not make credibility findings. *Id.* Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable

MEMORANDUM ORDER 3

inferences from circumstantial evidence.  *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The Court must be "guided by the substantive evidentiary standards that apply to the case."  *Liberty Lobby*, 477 U.S. at 255.  If a claim requires clear and convincing evidence, the issue on summary judgment is whether a reasonable jury could conclude that clear and convincing evidence supports the claim.  *Id*.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc).  To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case.  *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir. 2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor.  *Id.* at 256-57.  The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists.  *Celotex,* 477 U.S. at 324.

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute.  To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person

MEMORANDUM ORDER 4

acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**B.     Discussion**

Plaintiff alleges that the addition of sex offender therapy as a condition to release on parole after the date of his conviction violates the Ex Post Facto Clause of Art. I, § 10. Defendants assert that sex offender treatment is a Commission recommendation, not a mandatory requirement, but that it is "generally recommended" for sex offenders. *See Affidavit of Olivia Craven*, at ¶¶ 4&7 (Docket No. 15-4). In either event -- whether it is a recommendation or a requirement -- Plaintiff's claim has no support in any case law interpreting the Ex Post Facto Clause in similar factual circumstances.

Article I, § 10, of the Constitution provides that "[n]o State shall . . . "pass . . . any ex post facto Law." In *Neal v. Shimoda*, 131 F.3d 818 (9th Cir. 1997), inmates brought an Ex Post Facto Clause challenge to a Hawaii statute mandating sex offender treatment for all incarcerated sex offenders, regardless of the date of their offense. The Ninth Circuit noted that "[t]here can be no serious dispute that requiring an inmate who has been labeled a sex offender to complete [a sex offender treatment program] as a precondition to parole eligibility alters the inmate's parole qualifications." *Id*. at 825 n.5. However, the Ninth Circuit Court determined that the sex offender treatment program requirement was not punishment and did not "criminalize conduct legal before its enactment." *Id*. at 825. The *Neal* Court found sufficiently analogous the United States Supreme Court's decision in *Kansas v. Hendricks*, 521 U.S. 346 (1997), where the Court

MEMORANDUM ORDER 5

held that such mandatory treatment programs, including involuntary civil commitment, following an inmate's classification as a sexual violent predator did not violated the Ex Post Facto Clause, even though the treatment or commitment was based on conduct which occurred prior to the program's beginning. *Id*. at 826-27. The *Neal* Court reasoned: "If involuntary confinement in a 'treatment facility' for an indefinite period of time beyond the inmate's original sentence is not punishment, then it is certainly not punishment to deny an inmate eligibility for parole following his classification as a sex offender so that he can participate in a treatment program." *Id*. at 827.

Likewise, based on facts similar to those here, in *Johnson v. Johnson*, 2001 WL 881284 (D. Tex. 2001), the court rejected an Ex Post Facto Clause argument, explaining that mandatory sex offender therapy did not increase the inmate's punishment and did not "criminalize conduct that was legal before the subject policy became mandatory." *Id*. at *3 (footnote omitted). *See also Chambers v. Colorado Dep't of Corr*., 205 F.3d 1237 (10th Cir. 2000) (similar facts and holding).

**C.     Conclusion**

Because there is no significant difference between Plaintiff's facts and the facts of the foregoing cases, the Court concludes that Plaintiff's claim is subject to denial as a matter of law. The recommendation or requirement by the Parole Commission that Plaintiff complete a sex offender treatment program prior to being eligible for parole does

MEMORANDUM ORDER 6

not violate the Ex Post Facto Clause.  As a result, Defendants' Motion for Summary Judgment shall be granted on this claim.

The Court declines to alternatively characterize Plaintiff's claim as a due process claim, as suggested by Defendants because Plaintiff has made it clear that he brings only "a single claim of an Ex Post Facto" violation against Defendants." *Response*, at p. 1 (Docket No. 17).  Plaintiff is not alleging that he did not receive the process due him as a parole candidate;[1] rather, he is alleging that he should not have to complete a sex offender therapy program prior to eligibility *only* because the requirement was not in place when he was convicted and sentenced, which is an ex post facto claim.  For the reasons set forth above, Defendants are entitled to summary judgment.

---

[1] A parole release determination is not subject to all the due process protections of an adversary proceeding. *Pedro v. Oregon Parole Board*, 825 F.2d 1396, 1398-99 (9th Cir. 1987). In a parole hearing setting, "the full panoply of rights due a defendant in [a criminal adversary proceeding] is not constitutionally mandated, even when a protected liberty interest exists." *Id.* at 1399; *Jancsek v. Oregon Bd. of Parole*, 833 F.2d 1389, 1390 (9th Cir. 1987).  In *Greenholtz*, the Supreme Court held that a parole procedure satisfies due process when (1) the procedure "affords an opportunity to be heard," and (2) the inmate is informed "in what respects he falls short of qualifying for parole." *Greenholtz*, 442 U.S. at 16.  Due process is satisfied if "some evidence" supports the decision, meaning that the decision must have "some basis in fact" and the evidence must have "some indicia of reliability." *Jancsek v. Oregon Bd. of Parole*, 833 F.2d at 1390 (adopting the "some evidence" standard set forth by the Supreme Court in *Superintendent v. Hill*, 472 U.S. 445, 456 (1985)).

Here, it is undisputed that Plaintiff has been convicted of a sex crime. *See Exhibit C to Mark Kubinski Affidavit, Parole Hearing Records* (describing crime as sexual abuse of a child under 16) (Docket No. 15-6).  In *Neil v. Shimoda*, 131 F.3d at 831, the Court concluded:
> An inmate who has been convicted of a sex crime in a prior adversarial setting, whether as the result of a bench trial, jury trial, or plea agreement, has received the minimum protections required by due process. Prison officials need do no more than notify such an inmate that he has been classified as a sex offender because of his prior conviction for a sex crime.

*Id.* at 831.

MEMORANDUM ORDER 7

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (Docket No. 15) is GRANTED. Plaintiff's Complaint is DISMISSED with prejudice.



DATED: **August 27, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

MEMORANDUM ORDER 8